**James TRIPLETT, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 02–1542.

United States Court of Appeals,
Sixth Circuit.

Dec. 17, 2002.

Before KENNEDY and GILMAN, Circuit Judges; and SARGUS, District Judge.*

*ORDER*

James Triplett, a pro se Ohio taxpayer, appeals a tax court decision in favor of the Commissioner of Internal Revenue, finding deficiencies in Triplett's income tax due for the taxable year 1993. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The Commissioner of Internal Revenue issued a notice of deficiency for tax year 1993 in the amount of $8,922 and a penalty, under I.R.C. § 6662, in the amount of $1,784, after the Commissioner: 1) disallowed all of the deductions claimed on the

---

* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

Schedule C because Triplett failed to establish "that any amount was paid for the designated purpose or that the expenditure, if paid. constitutes an ordinary and necessary business expense," *see* I.R.C. § 162(a); 2) disallowed the "carry forward loss" credit because "there is no provision in the Internal Revenue Code for such a credit" and because Triplett "did not sustain a net operating loss ... in any taxable year prior to 1993," *see* I.R.C. § 172(b); and 3) determined that the entire understatement of tax required to be shown on Triplett's 1993 return was due to negligence, *see* I.R.C. § 6662. Triplett filed a timely petition for a redetermination of those deficiencies in the tax court, and the government filed its answer. The parties entered into a stipulation of facts, and the case was assigned to a Special Trial Judge who conducted a trial. Subsequently, the Special Trial Judge entered findings of fact and an opinion which generally affirmed the Commissioner's determination of a deficiency. The tax court agreed with the Special Trial Judge's resolution of the matter and entered its decision upholding the Commissioner's determination. The court summarily denied Triplett's motion for reconsideration. This timely appeal followed.

The Commissioner's determination of a tax deficiency is presumptively correct, and the taxpayer has the burden of proving that the determination is erroneous or arbitrary. *See Welch v. Helvering,* 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212 (1933); *Kearns v. Comm'r,* 979 F.2d 1176, 1178 (6th Cir.1992). This court will not disturb the tax court's findings of fact unless clearly erroneous. *See Estate of Quirk v. Comm'r,* 928 F.2d 751, 759 (6th Cir.1991). The tax court's application of

the law is reviewed de novo. *See Kearns,* 979 F.2d at 1178.

Upon consideration of the briefs and record in this appeal, we are of the opinion that the findings of fact of the tax court are supported by substantial evidence and are not clearly erroneous and that its conclusions of law are correct.

Accordingly, the decision of the tax court is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.