T.C. Summary Opinion 2003-46


UNITED STATES TAX COURT



JACK H. MEYER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14430-01S.                    Filed April 29, 2003.


Jack H. Meyer, pro se.

Susan S. Canavello, for respondent.



    PAJAK, Special Trial Judge:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

Respondent determined a deficiency in petitioner's 1998 Federal income tax in the amount of $1,507. After concessions by respondent and deemed concessions by petitioner, this Court must decide: (1) Whether petitioner is entitled to deductions claimed on his Schedule C, Profit or Loss From Business; (2) whether petitioner is entitled to a net operating loss deduction in excess of that allowed by respondent; and (3) whether petitioner is entitled to credits for excess Social Security taxes and for Medicare taxes withheld from his wages during 1998.

Some of the facts in this case have been stipulated and are so found. Petitioner resided in Jefferson, Texas, at the time he filed his petition.

Petitioner timely filed his Federal tax return for the taxable year 1998 (1998 return). Petitioner's principal source of income for the 1998 taxable year was from his activity as a cross-country truck driver.

During 1998, petitioner also operated a machine shop from his building located on the property of his mother.

Petitioner attached to his 1998 return a Form W-2c, Corrected Wage and Tax Statement, from his employer, Key Boys Inc. (Key Boys). The Form W-2c reported petitioner's wages from Key Boys during 1998 as $50,334 (all amounts are rounded) and $2,199 as Federal income tax withheld. The Form W-2c reported petitioner's Social Security tax withheld and Medicare tax

withheld for 1998 as $3,120, and $730, respectively.

Petitioner properly reported $50,334 of wage income and $2,199 of Federal income tax withheld on his 1998 return. Petitioner claimed the $3,199.72 Social Security tax withheld and the $729.91 Medicare tax withheld as a credit for excess Social Security payments and as a credit for "other payment", respectively, on his 1998 return. Respondent disallowed these purported credits.

Petitioner filed a Schedule C for his machine shop activity as part of his 1998 return. During 1998, petitioner reported gross income of zero with respect to his machine shop activity. On his Schedule C, petitioner claimed the following deductions:

| Expense | Amount |
| --- | --- |
| Car and truck | $575 |
| Depreciation | 4,859 |
| Office expense | 7,900 |
| Rent or lease | 200 |
| Repairs and maintenance | 99 |
| Taxes and licenses | 876 |
| Utilities | 295 |
| Other expenses: | |
|     Membership/Dues | 30 |
|     Bank | 222 |
|     Trucking supplies, etc. | 2,453 |
|     Trucking daily credit | 10,255 |
|     Uninsured damages | 2,082 |
|     Losses brought forward | 13,532 |
| Total | 43,378 |

Respondent determined that all of the car and truck expenses, trucking supplies expenses, and uninsured damages were employee business expenses incurred by petitioner as a cross-

country truck driver during 1998 and properly deductible on Schedule A, Itemized Deductions, as miscellaneous itemized deductions, subject to the 2-percent adjusted gross income limitation. Petitioner mischaracterized the deduction for meals expense as a so-called "trucking daily credit" of $10,255. Respondent allowed a Schedule A miscellaneous itemized deduction of $5,801 with respect to petitioner's meals expense. The remaining $4,454 of petitioner's deduction for meals was disallowed. Additionally, respondent determined that $4,613 of petitioner's office expense deduction was attributable to charitable contributions and properly deductible on Schedule A. Respondent disallowed petitioner's membership/dues deduction and the $13,352 "losses brought forward" deduction. Respondent determined that petitioner is entitled to a net operating loss (NOL) carryforward from 1995 of $5,524 and an NOL carryforward from 1996 of $3,394. Respondent determined that petitioner was entitled to a $6,944 NOL deduction in 1998. Respondent also allowed petitioner an additional depreciation deduction of $2,870. Respondent allowed all of petitioner's remaining Schedule C deductions.

The parties agree that the correct Schedule C depreciation for the taxable year 1998 is $7,728 ($2,870 of depreciation in addition to the $4,859 claimed by petitioner). Petitioner did not offer any evidence with respect to the portion of the office

expenses recharacterized as charitable contributions or with respect to the membership expense which was disallowed.  These issues are deemed conceded.

Taxpayers generally bear the burden of proving that the Commissioner's determination is incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).  Section 7491 does not change the burden of proof where a taxpayer has failed to substantiate deductions.  Higbee v. Commissioner, 116 T.C. 438 (2001).

Deductions are strictly a matter of legislative grace. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers must substantiate claimed deductions.  Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).  Moreover, taxpayers must keep sufficient records to establish the amounts of the deductions.  Meneguzzo v. Commissioner, 43 T.C. 824, 831 (1965); sec. 1.6001-1(a), Income Tax Regs.

Section 162(a) allows a taxpayer to deduct all ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business.  If a taxpayer's trade or business is that of being an employee, section 162 deductions are subject to the limitations of section 62(a)(1) and are miscellaneous itemized deductions subject to the 2-percent floor. Sec. 67; Alexander v. Commissioner, T.C. Memo. 1995-51, affd. 72

F.3d 938 (1st Cir. 1995). No deduction is allowed for personal, living, or family expenses. Sec. 262.

Section 274(n)(1) limits a deduction for meals and entertainment to 50 percent of the expenses incurred. The percentage limitation may be increased in special circumstances. Sec. 274(n)(3). Petitioner did not take into account the section 274(n) limitation with respect to his claimed meals expense deduction of $10,255.

Petitioner incurred his trucking supplies expenses and car and truck expenses as an employee truck driver. With respect to the amounts that respondent determined to be unreimbursed employee expenses attributable to petitioner's employment as a truck driver, petitioner is entitled to deduct these expenses as miscellaneous itemized deductions subject to the 2-percent floor of section 67. Secs. 62, 67, 162; Gonzalez v. Commissioner, T.C. Memo. 1997-430. Additionally, petitioner's meal expenses are subject to the limitation of section 274(n). On this record, we sustain respondent's recharacterization of these Schedule C deductions as Schedule A miscellaneous itemized deductions subject to the 2-percent adjusted gross income limitation. We also sustain the disallowance of a portion of petitioner's deduction for meals expenses.

Next, we consider whether petitioner is entitled to an NOL deduction in excess of the amount allowed by respondent.

Section 172(a) allows a deduction for an NOL, which may be carried back to each of the 2 years preceding the taxable year of the loss and carried over to each of the 20 taxable years following the year of the loss. Sec. 172(b)(1)(A). Generally, the entire amount of the NOL must first be carried to the earliest eligible carryback year. Id. Thereafter, the excess (if any) of the NOL over the taxable income for each of the prior taxable years to which such loss was carried must be carried to each of the succeeding years. Id. A taxpayer may, however, elect to relinquish the carryback period. Sec. 172(b)(3). The election must be made, in a prescribed manner, by the due date (including extensions) for filing the taxpayer's return for the NOL year in which the election is to be in effect. Id. A taxpayer claiming an NOL deduction for any taxable year must file with his return for such year a statement which computed the amount of the NOL deduction claimed and sets forth certain pertinent information.

Petitioner testified that the "losses brought forward" deduction in the amount of $13,532 claimed on his Schedule C was the result of "business expenses that exceeded the income" from prior years. Petitioner presented no authority in support of his position that the NOL carried forward to 1998 should be included in the computation of his 1998 net earnings from self-employment and we reject that contention.

Petitioner offered several prior years tax returns and schedules which attempted to explain his claimed NOL deduction. A tax return is merely a statement of the taxpayer's claim and does not establish the truth of the matters set forth therein. Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979). Petitioner's prior years tax returns do not, by themselves, adequately explain the claimed NOL deduction. Additionally, petitioner's schedules also failed to substantiate his claimed NOL deduction. Triplett v. Commissioner, T.C. Memo. 2001-320, affd. 53 Fed. Appx. 339 (6th Cir. 2002). For instance, in calculating his NOL deduction, petitioner did not apply the applicable carryback rule of section 172(b)(1) to the prior taxable years. Petitioner did not elect to waive the applicable carryback period with respect to any of the prior taxable years. Petitioner testified that the carryback requirement was "something I haven't been aware of." While petitioner's schedules attempted to explain how he computed his NOL deduction, his explanation makes no sense. Accordingly, we find that petitioner is not entitled to an NOL deduction under section 172 for the taxable year 1998 in excess of that allowed by respondent.

Finally, we must consider whether petitioner is allowed credits for excess Social Security and Medicare taxes withheld from his wages.

The Federal Insurance Contributions Act (FICA), ch. 736, 68A

Stat. 415 (1954), currently codified as secs. 3101-3125, imposes Social Security and Medicare taxes (collectively referred to as "FICA taxes") on a portion of the wages paid to an employee. Under FICA, the employer and the employee each pay a like amount of FICA taxes based on the employee's wages as defined in section 3121(a). Secs. 3101, 3111. The employer withholds the employee's half of the FICA taxes and remits it, along with the employer's half, to the Treasury Department. Sec. 3102. Section 3121(a) defines wages and establishes the annual ceiling which limits the amount of wages subject to the Social Security portion of the FICA taxes. The taxable wage base applies separately to each employer. Veterinary Surgical Consultants, P.C. v. Commissioner, 117 T.C. 141, 151 (2001), affd. sub nom. Yeagle Drywall Co. v. Commissioner, 54 Fed. Appx. 100 (3d Cir. 2002). Thus, if an employee receives wages from more than one employer, the annual wage limitation does not apply to the aggregate compensation received. Id.; secs. 31.3121(a)(1)-1(a)(3), 31.3306(b)(1)-1(a)(3), Employment Tax Regs.

Section 3502(a) provides that the FICA taxes imposed on the employee's portion of his wages shall not be allowed as a deduction to the taxpayer in computing taxable income. However, the employee may be eligible for a credit or refund of the excess employee portion of the FICA tax that applies with respect to wages in excess of the applicable wage limitation. Veterinary

Surgical Consultants, P.C. v. Commissioner, supra at 151; secs. 31.3121(a)(1)-1(a)(3), 31.3306(b)(1)-1(a)(3), Employment Tax Regs. Moreover, this Court's jurisdiction in determining a credit of FICA taxes is expressly limited by section 31(b) to FICA taxes withheld as a result of receiving wages from more than one employer.

Petitioner worked for Key Boys during 1998. Petitioner testified that he was an employee during 1998. Petitioner did not claim that he worked for more than one employer in 1998. Petitioner provided no evidence and no legal basis for claiming a tax credit for FICA taxes on his 1998 return. Accordingly, we sustain respondent's determination that petitioner is not entitled to credits for excess Social Security and Medicare taxes withheld from the wages he earned in 1998 as an employee of Key Boys.

We have considered all other arguments made by petitioner and conclude they are either irrelevant or without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.